Kelly A. Banducci
625 Dimick St.
Oregon City, OR 97045
(503)650-9615

Plaintiff, Pro Se

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| *In re:* <br><br> MATTHEW SCOTT POULTON <br><br> Debtor. <br><br> ——— <br><br> KELLY A. BANDUCCI <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW SCOTT POULTON <br><br> Defendant. | **Case No. 303-43612-elp7** <br><br> **Adv. Proc. No.** 04-3088 elp <br><br> COMPLAINT OBJECTING TO DISCHARGE OF DEBT <br> [Fraud 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B)(iii), 11 U.S.C. § 523(a)(2)(B)(iv), 11 U.S.C. §523(a)(3)(B), 11 U.S.C. § 523(a)(3)(B)(4), 11 U.S.C. § 523(a)(3)(B)(5), 11 U.S.C. § 523(a)(6), 11 U.S.C. § 523(a)(15)(B) and 11 U.S.C. § 523(a)(2)(C)(1), 11 U.S.C. §727(a)(2)(A), 11 U.S.C. § 727(a)(4)(A), 11 U.S.C. § 727(a)(4)(B), 11 U.S.C. § 727(a)(4)(c), 11 U.S.C. § 727(a)(5), 11 U.S.C. § 727(d)(3)] |

**PLAINTIFF** alleges:

1.  This is an adversarial proceeding under Bankruptcy Rule 7001 in which plaintiff seeks a determination of nondischargeability of plaintiff's debt pursuant to 11 U.S.C. §

*Page 1 of 8 – COMPLAINT*

Kelly A. Banducci
625 Dimick St.
Oregon City, OR 97045
(503)650-9615

Case 04-03088-elp    Doc 2    Filed 03/12/04

523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B)(iii), 11 U.S.C. § 523(a)(2)(B)(iv), 11 U.S.C. § 523(a)(3)(B), 11 U.S.C. § 523(a)(3)(B)(4), 11 U.S.C. § 523(a)(3)(B)(5), 11 U.S.C. § 523(a)(6), 11 U.S.C. § 523(a)(15)(B) and 11 U.S.C. § 523(a)(2)(C)(1).

2. This Court has jurisdiction under this core proceeding under 28 U.S.C §157 (b)(2)(I) and 28 U.S.C §1334.

3. On **December 8, 2003**, Defendant filed a voluntarily petition under Chapter 7 of of the Bankruptcy Code and an Order for relief was filed. Plaintiff and Defendant cohabitated in the State of Oregon as domestic partners from August 31, 2001 to July 24, 2003 in Plaintiff's home.

4. Plaintiff is a creditor of Defendant by virtue of having loaned Defendant substantial sums of monies on multiple occasions between July 2000 to July 2003 for Defendant's legal expenses, Attorney fees, Guardian ad Litem fees, travel and lodging expenses, witness fees, legal service messenger fees, and travel and entertainment expenses of Defendant's children associated with Defendant's recent Spokane County Superior Court Washington State child custody case. Plaintiff also loan Defendant monies to satisfy his Utah Court ordered support obligations associated with the medical care, mental health care, educational expenses of Defendant's children during this same two year period. Plaintiff provided over 50% of Defendant's financial support, care and housing from September 26, 2001 through July 15, of 2002 during a significant period of Defendant's unemployment. Additional loans were made by Plaintiff to Defendant for major vehicle repairs of Defendant's car. The outstanding balance owed to Plaintiff by Debtor was

*Page 2 of 8* – COMPLAINT

Kelly A. Banducci
625 Dimick St.
Oregon City, OR 97045
(503)650-9615

$48,668.00.00 on the date of the bankruptcy filing.

5. In February of 2003 Defendant incurred a $3,000 gambling debt which Plaintiff borrowed money from Plaintiff's mother to reimburse the household fund.

6. During the months of May, June and July of 2003 Defendant began stealing significant sums of money from Plaintiff's personal bank accounts via Plaintiff's ATM bank cards without the consent or knowledge of Plaintiff. During these same months, Defendant also committed fraud and theft through the unauthorized use of Plaintiff's Chevron gas card.

7. On July 22, 2003, Plaintiff demanded Defendant move out of her residence. Defendant then committed a personal battery on Plaintiff's person which was witnessed by Plaintiff's eleven year old daughter and demanded $900.00 to vacate Plaintiff's home. Physically injured and under duress Plaintiff wrote Defendant a personal check payable to Defendant but Defendant did not immediately leave the premises as agreed. On July 23, 2003 Plaintiff placed a stop order on the check.

8. On July 24, 2003 Defendant and five members of Defendant's current roommate's household came to Plaintiff's home while Plaintiff's daughter was home alone and Plaintiff was at work 30 miles away. Plaintiff's daughter called the police stating that she was scared and didn't want Defendant and others in the home while her mother was not there. Defendant then began physically moving out of Plaintiff's home taking his belongings in addition to several of Plaintiff's belongings, i.e., one 32" Toshiba Color TV w/remote, one Twin size captain's bed with pedestal, box spring and mattress, craftsman tool set, vise-grip tool set, one Stanley 3-50' power cords and one power cord caddy. These intentional and

*Page 3 of 8* – COMPLAINT

Kelly A. Banducci
625 Dimick St.
Oregon City, OR 97045
(503)650-9615

malicious actions by Defendant against Plaintiff, coupled with Defendant's physical assault on Plaintiff's person and witnessed by Plaintiff's daughter caused significant mental and psychological damage to both Plaintiff and Plaintiff's daughter requiring long term counseling which both continue treatment for today. Defendant should therefore be held responsible for all mental health and medication expenses incurred by Plaintiff for treatment of Plaintiff and Plaintiff's minor child.

9. On February 27, 2004 Defendant walked into the Tigard, Oregon branch of Washington Mutual Bank and cashed the aforementioned check for $900.00 cash. The stop payment order Plaintiff had placed on the check had a 6 month expiration date. Once again, Defendant through his own intentional and malicious actions caused harm to Plaintiff by stealing from Plaintiff's bank account. However, Defendant admits owing $15,000 to Plaintiff by listing Plaintiff on the list of creditors but failed to list this check in Defendant's possession since July 22, 2003 as a personal asset within Defendant's Chapter 7 Bankruptcy Petition.

10. Plaintiff earns $12,000 less per year than Defendant and Plaintiff has consistently and continually made monthly payments including interest accruing monthly in repayment of debts of the Defendant borrowed by Defendant from Plaintiff's credit lines.

11. Plaintiff justifiably relied upon Defendant's representations to Plaintiff during the two years of cohabitation together that, by sporadic payments and re-borrowing by the Defendant from the Plaintiff credit lines, Defendant's continual reference of Plaintiff to the general public and the Courts as his "fiancée", Defendant would repay all amounts utilized in accordance with the terms and conditions agreed to between Plaintiff and Defendant until fully repaid.

Kelly A. Banducci
625 Dimick St.
Oregon City, OR 97045
(503)650-9615

Case 04-03088-elp    Doc 2    Filed 03/12/04

12. By **June 1, 2001,** Defendant's account balance was **$0.**

13. By **September 1, 2001** Defendant's account balance was **$386.00.**

14. By **October 15, 2001** Defendant's account balance was **$4,686.00.**

15. By **November 30, 2001** Defendant's account balance was **$10,686.00.**

16. By **December 31, 2001** Defendant's account balance was **$18,686.00.**

17. By **January 31, 2002** Defendant's account balance was **$19,186.00.**

18. By **February 27, 2002** Defendant's account balance was **$16,186.00.**

19. By **March 31, 2002** Defendant's account balance was **$16,986.00.**

20. By **April 30, 2002** Defendant's account balance was **$19,116.00.**

21. By **May 31, 2002,** Defendant's account balance was **$19,966.00.**

22. By **June 30, 2002** Defendant's account balance was **$23,966.00.**

23. By **July 31, 2002** Defendant's account balance was **$24,766.00.**

24. By **August 31, 2002** Defendant's account balance was **$26,516.00.**

25. By **September 30, 2002** Defendant's account balance was **$26,516.00.**

26. By **October 31, 2002** Defendant's account balance was **$29,516.00.**

27. By **November 30, 2002** Defendant's account balance was **$30,116.00.**

28. By **December 31, 2002** Defendant's account balance was **$31, 116.00.**

29. By **January 31, 2003** Defendant's account balance was **$32, 116.00.**

30. By **February 28, 2003** Defendant's account balance was **$35,116.00**

31. By **March 31, 2003** Defendant's account balance was **$38,616.00.**

*Page 5 of 8* – COMPLAINT

32. By **April 30, 2003** Defendant's account balance was **$39.116.00**.

33. By **May 31, 2003** Defendant's account balance was **$40,166.00**

34. By **June 30, 2003** Defendant's account balance was **$40,666.00.**

35. By **July 24, 2003** Defendant's account balance was **$47,041.00.**

36. By **August 31, 2003** Defendant's account balance was **$47,181.00.**

37. By **September 30, 2003** Defendant's account balance was **$47,261.00**

38. By **October 31, 2003,** Defendant's account balance was **$47401.00.**

39. By **November 30, 2003,** Defendant's account balance was **$47,791.00.**

40. By **December 31, 2003,** Defendant's account balance was **$48,668.00.**

41. By **February 27, 2004,** Defendant's account balance stands at **$49,608.00.**

42. During the above-described period Defendant made sporadic payments. Payments were only made during Defendant's cohabitation period with Plaintiff.

43. Defendant never intended to fully repay the debts due and owing to Plaintiff.

44. Defendant was already insolvent at the onset of the charges set forth above, and did not have the present ability or realistic future possibility to repay the debt.

45. Defendant therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the loans without ever intending to repay the same.

46. Defendant's actions constitute material misrepresentations of fact which were intended to be relied upon by Plaintiff in making Defendant loans.

47. Defendant's actions constitute repeated malicious, intentional and with fore

*Page 6 of 8 – COMPLAINT*

Kelly A. Banducci
625 Dimick St.
Oregon City, OR 97045
(503)650-9615

thought coercions of Plaintiff to obtain said loans.

48. Plaintiff, in fact, did reasonably rely upon Defendant's misrepresentations of Repayment and continual coercions and was induced to lend money to Defendant by said misrepresentations and coercions.

49. Defendant did not claim the afore-mentioned monies as taxable income on Defendant's tax returns for tax years 2000 through 2003. However, although not entitled to the Educational Hope Credit, Defendant did claim this credit for tax year 2003 for educational expenses paid not by the Defendant but by the Plaintiff on behalf of Defendant's minor son.

50. Plaintiff attended the Meeting of Creditor's and after review of Defendant's sworn statements and schedules filed, brought several sub abuses outlined in written format to the attention of the Trustee, Mr. Robert Morrow appointed in the Defendant's related Chapter 7 bankruptcy case. Mr. Morrow then coffered with Ms. Poppel of the U.S. Trustee's office. As of the filing of this complaint the information provided by Plaintiff to the Trustee continues to be reviewed pending possible further action by the U.S. Trustee.

51. As a result of Defendant's actions, which actions amount to actual fraud, Plaintiff has thereby sustained substantial loss and damages.

52. Due to Defendant's actions, it was necessary for the Plaintiff to seek legal advice on the filing of this complaint for which the Plaintiff has incurred costs and expenses, including attorney's fees, legal research fees and filing fees, which the Defendant is obligated to pay. Plaintiff incurs monthly interest expenses on the balances that remain on

*Page 7 of 8 – COMPLAINT*

Kelly A. Banducci
625 Dimick St.
Oregon City, OR 97045
(503)650-9615

Case 04-03088-elp    Doc 2    Filed 03/12/04

Plaintiff's credit lines borrowed on behalf of the Defendant, which the Defendant is also obligated to pay.

53. By reason of the foregoing, Defendant obtained money from Plaintiff through false pretense, false representation, coercion and/or actual fraud.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant, and in favor to the Plaintiff as follows:

1. Declaring that the debt to Plaintiff is nondischargable.

2. A money judgment in the amount of $49,608.00.

3. Declaring that all personal property belonging to Plaintiff and stolen from Plaintiff's home by Defendant be returned in good condition.

4. For Plaintiff's reasonable attorney's fees, costs and disbursements incurred herein;

5. For such other and further relief the Court deems just and proper.

DATED this 12th day of March, 2004.

By: /s/ Kelly A. Banducci
KELLY A. BANDUCCI, Pro Se

Page 8 of 8 – COMPLAINT

Kelly A. Banducci
625 Dimick St.
Oregon City, OR 97045
(503)650-9615

| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 04-3088-elp |
|---|---|---|
| **PLAINTIFFS** Kelly A. Banducci | **DEFENDANTS** Matthew Scott Poulton | CLERK US BANKRUPTCY COURT |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Kelly A. Banducci, Pro Se 625 Dimick St Oregon City, OR 97045 503 650-9615 | **ATTORNEYS** (If Known) George Hoselton 19230 McLoughlin Blvd Gladstone, OR 97027 503 650 2422 | '04 MAR 12 P2:30 LODGED____ REC'D CB PAID____ DOCKETED____ |

**PARTY** (Check one box only)  ☐ 1. U.S. PLAINTIFF  ☐ 2. U.S. DEFENDANT  ☒ 3. U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
To obtain declaratory judgment per 11 U.S.C. §523(a)(2)(A), 11 U.S.C. §523(a)(2)(B), 11 USC §523(a)(B)(iv), 11 USC §523(a)(3)(B), 11 USC §523(a)(3)(B)(4), 11 USC §523(a)(3)(B)(5), 11 USC §523(a)(6), 11 USC §523(a)(15)(B), 11 USC §523(a)(2)(C)(i), 11 USC §727(a)(2)(A), 11 USC §727(a)(4)(A), 11 USC §727(a)(4)(B), 11 USC §727(a)(4)(c), 11 USC §727(a)(5), 11 USC §727(d)(3).

**NATURE OF SUIT** (Check the one most appropriate box only)

| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☒ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
|---|---|---|
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. §727 | ☐ 457 To Subordinate any allowed claim or interest except where such subordination is provided in a plan | |

**ORIGIN OF PROCEEDINGS** (Check one box only)  ☒ 1. Original Proceeding  ☐ 2. Removed Proceeding  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another Bankruptcy Court  ☐ Check if class action under F.R.C.P. 23

| **DEMAND** | **NEAREST THOUSAND** $50 | **OTHER RELIEF SOUGHT** Return of Personal Property | ☐ **JURY DEMAND** |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| **NAME OF DEBTOR** Matthew Scott Poulton | **BANKRUPTCY CASE NO.** 303-43612-elp7 |
|---|---|
| **DISTRICT IN WHICH CASE IS PENDING** Oregon | **DIVISIONAL OFFICE** Portland | **NAME OF JUDGE** Elizabeth Perris |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)  ☒ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☐ FEE DEFERRED

| **DATE** 3-12-04 | **PRINT NAME** Kelly A. Banducci | **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |
|---|---|---|